913 A.2d 853 (2006)
389 N.J. Super. 527
NORTH JERSEY MEDIA GROUP INC. d/b/a Herald News, Plaintiff,
v.
STATE of New Jersey, DEPARTMENT OF PERSONNEL, and Candice Hendricks, Government Records Custodian, Defendants.
Superior Court of New Jersey, Law Division.
Decided July 21, 2006.
*854 Dina L. Sforza, for plaintiff.
*855 Zulima V. Farber, Attorney General of the State of New Jersey, for defendants (Lisa Dorio Ruch, Deputy Attorney General, on the brief).
FEINBERG, A.J.S.C.
Plaintiff, North Jersey Media Group Inc. d/b/a Herald News (hereinafter Herald News), is a New Jersey corporation that publishes and circulates a daily newspaper in northern New Jersey. The facts of the instant case are not in dispute. In March 2006, plaintiff began reporting on the Passaic County Prosecutor's office investigation into the City of Passaic Police Department's hiring procedures. Plaintiff alleges that Alexandra Rivera, daughter of Passaic Mayor Samuel Rivera, may have been hired as a police officer by the City of Passaic without having the required minimum qualifications of a high school diploma or general equivalency diploma.
On March 27, 2006, a reporter for the Herald News, submitted a request to defendants, the State of New Jersey, Department of Personnel and Candice Hendricks, records custodian (hereinafter collectively "DOP"), pursuant to N.J.S.A. 47:1A-5, for a copy of Alexandra Rivera's completed Law Enforcement Series Application.
On March 28, 2006, DOP, in writing, denied the request. In relevant part, the letter provides:
Please be advised that information concerning applications for examinations is not available for public disclosure pursuant to N.J.A.C. 4A:4-2.16, N.J.S.A. 47:1A-9, N.J.S.A. 47:1A:10 [sic], and McGreevey Executive Order 26.
The New Jersey Administrative Code indicates in section 4A:4-2.16 Retention and Inspection of Examination Records that "(a) the following examination records shall be retained until the expiration of the eligible list:
1. The public announcement
2. All applications
3. The examination papers and scoring keys
4. A description of the examination, including the date held, rating system, and minimum score required, if any
5. The list of eligibles
6. Any other pertinent information [sic]
(b) All examination records listed in (a)1, 4, and 5 shall be open to public inspection. The Commissioner shall determine which other records may be open to public inspection and the conditions for such inspection". [sic]
Section (b) does not provide for public inspection of item (a)2, applications.
In addition, McGreevey Executive Order 26, Section 3 prohibits the release of this information. The New Jersey Open Public Records Act shall not abrogate any exemption of a public record or government record from public access any regulation Order promulgated under the authority of any statute or Executive Order. See N.J.S.A. 47:1A-9. In addition, personnel records are not considered public documents unless delineated within the exemptions outlined in N.J.S.A. 47:1A-10.
[Plaintiff's verified complaint, Ex. C.]
Despite further efforts to secure the application, to date the information has not been provided.
On May 23, 2006, this court signed an order to show cause as to why an order should not be issued: (1) directing DOP to comply with N.J.S.A. 47:1A-5 and to provide plaintiff with a copy of the Law Enforcement Series Application submitted by Alexandra Rivera; (2) in the alternative, directing DOP to provide plaintiff with a copy of the application pursuant to the common law; (3) awarding attorney's fees and costs pursuant to N.J.S.A. 47:1A-6; *856 and (4) granting such other relief as the court deems equitable and just.
The two-count complaint alleges both a statutory and common law right to access. To support statutory disclosure of a government record, Herald News submits that DOP is required to maintain a file of completed law enforcement series applications for all competitive law enforcement positions within the State. See N.J.A.C. 4A:4-2.1.
Accordingly, Herald News submits that no statutory exemptions apply. First, the newspaper asserts the application is not exempt under McGreevey Executive Order No. 26 (hereinafter "EO26"), in conjunction with N.J.S.A. 47:1A-9, because E026 provides that applications and resumes are subject to disclosure once the applicant is hired. Next, plaintiff argues that data disclosing educational qualifications required for public employment is a government record. N.J.S.A. 47:1A-10.
Rejecting the notion that the application is exempt as a personnel record merely because it is located with other personnel files and filed with the State, Herald News argues it is the content and not the location of storage that determines access under N.J.S.A. 47:1A-10. Lastly, while Herald News acknowledges N.J.A.C. 4A:4-2.16 prevents the public inspection of applications, the newspaper argues that this code provision conflicts with EO26 and N.J.S.A. 47:1A-10. Herald News suggests any conflict should be resolved in favor of public access.
Alternatively, Herald News requests disclosure under the common law balancing test. First, Herald News submits that the application for employment is a public record under the common law. Next, plaintiff argues that Herald News' interest in disclosing the hiring policies of public employees outweighs any privacy interests that favor confidentiality. Therefore, Herald News requests an order requiring DOP to provide access under N.J.S.A. 47:1A-5 or the common law. N.J.S.A. 47:1A-8.
In response, defendant DOP argues that examination applications, including Law Enforcement Series Applications, are not subject to public inspection pursuant to the plain language of N.J.A.C. 4A:4-2.16 and EO26. Contrary to Herald News, DOP contends that the code provision and EO26 are consistent and do not permit access to the requested application. Moreover, N.J.A.C. 4A:4-2.16 not only precludes public access to examination applications, but also provides that it is within the Commissioner's discretion to open other records to public inspection. Furthermore, with regard to the common law, DOP claims that the public interest in confidentiality is demonstrated through the adoption of N.J.A.C. 4A:4-2.16 and EO26. Consequently, DOP asserts that Herald News has not satisfied the common law balancing test establishing that their interest in disclosure outweighs the public interest in confidentiality.

ANALYSIS
I. OPEN PUBLIC RECORDS ACT (HEREINAFTER "OPRA")
A. STANDARD OF REVIEW
Under N.J.S.A. 47:1A-1, "all government records shall be subject to public access unless exempt." N.J.S.A. 47:1A-1. An individual who is denied access to a government record may challenge the denial through a summary proceeding in Superior Court. N.J.S.A. 47:1A-6. At that proceeding, the public agency bears the burden of proving that access to the record was properly denied. Ibid. Therefore, DOP must justify the denial.
*857 B. OPRA REQUEST
OPRA permits the public to examine, inspect and copy government records. N.J.S.A. 47:1A-1.
Government records shall be readily accessible for inspection, copying, or examination by the citizens of this State, with certain exceptions, for the protection of the public interest, and any limitations on the right of access accorded by P.L. 1963, c. 73 (C.47:1A-1 et seq.) as amended and supplemented, shall be construed in favor of the public's right of access.
[N.J.S.A. 47:1A-1.]
Government records are defined as:
any paper, written or printed book, document, drawing, map, plan, photograph, microfilm, data processed or image processed document, information stored or maintained electronically or by sound-recording or in a similar device, or any copy thereof, that has been made, maintained or kept on file in the course of his or its official business by any officer, commission, agency or authority of the State or of any political subdivision thereof, including subordinate boards thereof, or that has been received in the course of his or its official business by any such officer, commission, agency, or authority of the State or of any political subdivision thereof, including subordinate boards thereof. The terms shall not include inter-agency or intra-agency advisory, consultative, or deliberative material.
[N.J.S.A. 47:1A-1.1.]
In considering OPRA requests, the overriding public policy is for courts to construe any limitation on the right of access in favor of the public's right of access. N.J.S.A. 47:1A-1. Certain records, however, are of such a confidential nature that they are statutorily exempted from the disclosure requirements of the Act. N.J.S.A. 47:1A-1.1. In the present case, pursuant to N.J.S.A. 47:1A-10, the court holds that the Law Enforcement Series Application is not a government record.
DOP claims the application is not subject to disclosure pursuant to the plain language of N.J.A.C. 4A:4-2.16 and EO26, in conjunction with N.J.S.A. 47:1A-9. N.J.S.A. 47:1A-9(a) expands the exemption of documents that are subject to public disclosure by authorizing the Legislature, Executive Branch and State Agencies to identify records deemed confidential and subject to protection. N.J.S.A. 47:1A-9(a) provides:
The provisions of [OPRA] shall not abrogate any exemption of a public record or government record from public access heretofore made pursuant to [OPRA]; any other statute; resolution of either or both Houses of the Legislature; regulation promulgated under the authority of any statute or Executive Order of the Governor; Executive Order of the Governor; Rules of Court; any federal law; federal regulation; or federal order.
[N.J.S.A. 47:1A-9(a).]
As noted above, the Governor has the authority to issue Executive Orders that preclude the release of documents. Consistent with that provision, EO26 provides, in relevant part:
No public agency shall disclose the resumes, applications for employment or other information concerning job applicants while a recruitment search is ongoing. The resumes of successful candidates shall be disclosed once the successful candidate is hired. The resumes of unsuccessful candidates may be disclosed after the search has been concluded and the position has been filled, but only where the unsuccessful candidate has consented to such disclosure.

*858 [EO26, ¶ 3 (emphasis added).]
First, the court holds that Law Enforcement Series Applications should be interpreted as both examination applications and employment applications. Simply put, the applicant must complete the form to sit for the examination. Consequently, completing the application is a condition of public employment. In examining the plain language of EO26, the court finds that only the "resumes of successful candidates" are disclosed to the public. Indeed, EO26 is noticeably silent on whether "applications for employment" can be disclosed to the public.
Since EO26 expressly provides public access to the resumes of successful candidates, the court holds that the governor's omission indicates the intent to maintain the confidentiality of the employment applications of successful candidates. There is simply no other logical interpretation. This finding is also consistent with DOP regulations. In pertinent part, N.J.A.C. 4A:4-2.16 provides:
(a) The following examination records shall be retained until the expiration of the eligible list:
1. The public announcement;
2. All applications;

3. The examination papers and scoring keys;
4. A description of the examination, including the date held, rating system, and minimum score required, if any;
5. The list of eligibles;
6. The failure roster; and
7. Any other pertinent information.
(b) All examination records listed in (a)1, 4, and 5 shall be open to public inspection.
1. Examination records listed in (a)2 above shall not be open to public inspection . . .
. . . .
4. The Commissioner shall determine which other records may be open to public inspection and the conditions for such inspection.
[N.J.A.C. 4A:4-2.16 (emphasis added).]
While the parties suggest the Commissioner has the complete discretion to provide public access to examination applications, the court disagrees. The use of the phrase "shall not" in N.J.A.C. 4A:4-2.16(b)1 is mandatory language that unequivocally provides that the public has no access to examination applications. With regard to record requests that are not listed in section (a), N.J.A.C. 4A:4-2.16(b)4 provides that the Commissioner has the discretion to provide public access. Since examination applications are expressly exempt from access in section (b), the discretionary provision is inapplicable. Accordingly, after reviewing EO26 and N.J.A.C. 4A:4-2.16, the court holds that examination applications are clearly not open to public access.
While the OPRA request by Herald News sought the completed Law Enforcement Series Application, briefs filed with the court establish that Herald News is interested in obtaining information related to the educational background of the applicant. The disclosure of personnel information, in general, is set forth in OPRA, as well. While "the personnel or pension records of any individual in the possession of a public agency . . . shall not be considered a government record and shall not be made available for public access," the public may inspect and access "data contained in information which disclose[s] conformity with specific experiential, educational or medical qualifications required for government employment . . ." N.J.S.A. 47:1A-10.
*859 In this case, the application is a DOP record and part of the employee's personnel file. See N.J.A.C. 4A:4-2.1 (noting that "applications for open competitive . . . examinations shall be filed with the Department of Personnel . . ."). It appears, from the documents filed with the court, that Herald News seeks a copy of the Law Enforcement Series Application, primarily to determine whether Alexandra Rivera may have been hired as a police officer by the City of Passaic without having the required minimum qualifications of a high school diploma or general equivalency diploma. Consequently, the content of the specific request is directly consistent with disclosure pursuant to N.J.S.A. 47:1A-10. Accordingly, it is appropriate, to resolve the conflict between N.J.S.A. 47:1A-10, EO26 and N.J.A.C. 4A:4-2.16, for the court to order DOP to provide Herald News with a redacted copy of Alexandra Rivera's Law Enforcement Series Application. Defendant shall redact all sections of the application except the sections that identify the applicant's name, signature and education qualifications for her position as a Passaic police officer.
While the court is satisfied Herald News is entitled to inspect and access the redacted application under OPRA, a common law analysis is also warranted.
II. COMMON LAW RIGHT OF ACCESS:
Notably, the legislature expressly provided that OPRA does not extinguish or limit an individual's common law right of access. "Nothing contained in [OPRA] as amended and supplemented, shall be construed as limiting the common law right of access to a government record, including criminal investigatory records of a law enforcement agency." N.J.S.A. 47:1A-8; See also Bergen County Improvement Auth. v. N. Jersey Media Group, Inc., 370 N.J.Super. 504, 516, 851 A.2d 731 (App. Div.2004) (noting that an OPRA exemption does not prevent a citizen from requesting access under common law principles).
In contrast to OPRA's statutory right of access to government records, the common law provides a citizen with broader access to public records. Id. at 509-510, 851 A.2d 731. "A common law record is one that is made by a public official in the exercise of his or her public function, either because the record was required or directed by law to be made or kept, or because it was filed in a public office." Keddie v. Rutgers, State Univ., 148 N.J. 36, 49, 689 A.2d 702 (1997).
Under the common law right to access public records, three requirements must be met:
1) the records must be common law public documents;
2) the person seeking access must establish an interest in the subject matter of the material; and
3) the citizen's right to access must be balanced against the State's interest in preventing disclosure.
[Id. at 50, 689 A.2d 702 (1997) (internal quotations omitted) (citations omitted).]
The publics' interest is based on the need to keep information confidential. Id. at 51, 689 A.2d 702. Where there is a claim of confidentiality asserted, the interest in disclosing the information by the applicant is more closely scrutinized. Ibid.
[C]ourts consider whether the claim of confidentiality is premised upon a purpose which tends to advance or further a wholesome public interest or a legitimate private interest. However where the interest in confidentiality is slight or non-existent standing alone will be sufficient to require disclosure to advance a legitimate private interest.

*860 [Ibid. (internal quotations omitted) (citations omitted).]
First, the court must determine whether the application is a public document. In the case at bar, the first prong of the common law test is satisfied. Clearly, DOP is required to keep a file of Rivera's application pursuant to N.J.A.C. 4A:4-2.1. Moreover, DOP acknowledges that the application constitutes a public record. Therefore, the employment application qualifies as a public record under the common law. With regard to the second prong, Herald News represents courts have previously recognized that newspapers have a strong interest in policing the workings of public agencies. Red Bank Register, Inc. v. Bd. of Educ. of Long Branch, 206 N.J.Super. 1, 9, 501 A.2d 985 (App.Div.1985); See also Home News v. State, Dep't of Health, 144 N.J. 446, 454, 677 A.2d 195 (1996) (noting that newspapers also have a strong interest in the newsworthiness and commercial value of stories of potential public appeal).
Here, Herald News has a tangible and specific interest in assuring that DOP and the City of Passaic are complying with the rules and regulations that govern the hiring of police officers. Moreover, there is a great potential for newsworthiness and public appeal based on the possibility that the mayor's daughter was hired as a police officer without satisfying the minimum educational requirements. Therefore, Herald News has established a legitimate and strong interest in seeking access to the application.
Finally, plaintiff's interest must be balanced against the State's interest in preventing disclosure. Here, DOP claims the public interest in confidentiality is demonstrated through the legislative and executive actions of enacting N.J.A.C. 4A:4-2.16 and EO26. While the State has an interest in maintaining the secrecy of private information, including but not limited to social security numbers, credit card numbers and unlisted telephone numbers, that interest does not apply to other types of information.
In their brief, DOP merely asserts that the State has an interest in confidentiality because OPRA precludes the disclosure of applications. The court rejects that argument because it would render the common law balancing test completely irrelevant. Clearly, the only legitimate argument to support confidentiality is that the State needs to prevent the widespread dissemination of the private information of State workers. However, in the present case, all concerns regarding the disclosure of Rivera's private information can be resolved by redacting that information from the application. Therefore, the court holds that Herald News is entitled to the redacted application under the common law because Herald News' interest in disclosure clearly outweighs the State's interest in confidentiality.
III. ATTORNEY'S FEES
Absent the applicability of one of the exceptions set forth in R. 4:42-9, attorney's fees are not awarded to a prevailing party. One of the exceptions, more specifically set forth in this rule, is attorney fees are recoverable "in all cases where counsel fees are permitted by statute." R. 4:42-9(a)(8). OPRA provides that attorney fees are recoverable in certain instances. This statute allows "a person who is denied access to a government record" to challenge the government's action or inaction by filing a lawsuit in either the Superior Court of New Jersey or the Government Records Council. N.J.S.A. 47:1A-6. OPRA goes on to state:
[t]he right to institute any proceeding under this section shall be solely that of the requestor. Any such proceeding *861 shall proceed in a summary or expedited manner. The public agency shall have the burden of proving that the denial of access is authorized by law. If it is determined that access has been improperly denied, the court or agency head shall order that access be allowed. A requestor who prevails in any proceeding shall be entitled to a reasonable attorney's fee.

[Ibid. (emphasis added).]
In determining the propriety of an award of attorney fees, the court must first determine whether one qualifies as a "prevailing party." Dunn v. Dep't of Human Servs., 312 N.J.Super. 321, 332, 711 A.2d 944 (App.Div.1998). In evaluating the number of hours expended by an attorney, the court must also carefully scrutinize the attorney's certification of services to determine whether the number of hours is reasonable. The court must then determine the appropriate hourly rate for an attorney with the background, experience and skills comparable to the counsel seeking attorney fees. Therefore, the threshold issue is whether Herald News qualifies as a "prevailing party."
This case is unique. The OPRA request filed with DOP sought the entire application. Clearly, the application is protected by statute, by administrative regulation and EO26. As a result, DOP rightfully denied the release of the application. Subsequent to the OPRA request, Herald News filed a complaint seeking the release of the application. While the complaint refers to the release of the entire application, the moving papers, in essence, seek the release of the applicant's educational background information. The application itself is protected; however certain limited information contained therein is not. Specifically, the educational background is subject to disclosure under OPRA. N.J.S.A. 47:1A-10.
As noted heretofore, the court finds that Herald News is entitled to release of the educational background information of the applicant. While the court finds that this limited information is subject to release, Herald News has not prevailed on the basis of the initial OPRA request. As a result, as to the OPRA request, Herald News should not be considered a prevailing party.
In hindsight, perhaps DOP should have offered to provide the nonexempt portions of the application, but the failure to do so does not warrant the award of counsel fees.

CONCLUSION
DOP shall provide Herald News with a redacted copy of Alexandra Rivera's Law Enforcement Series application within fifteen days.